# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ADVANCED REIMBURSEMENT MANAGEMENT, LLC | : | CIVIL ACTION |
| v. | : | NO. 17-667 |
| PLAISANCE, *et al.* | : | |

# ORDER-MEMORANDUM

**AND NOW**, this 8th day of September 2017, upon considering Defendants' Motion to dismiss or transfer (ECF Doc. No. 12), Plaintiff's Opposition (ECF Doc. No. 16), Defendants' Reply (ECF Doc. No. 19) and finding we lack venue but the parties may proceed in the Western District of Louisiana, it is **ORDERED** the Defendants' Motion based on improper venue (ECF Doc. No. 12) is **GRANTED** and the Clerk of Court shall forthwith **transfer** this matter to the Clerk of Court for the United States District Court for the Western District of Louisiana, Lafayette Division and **close** this case in this District.

## *Analysis*

Formed in Delaware but headquartered and managed in Georgia, Advanced Reimbursement Management LLC sues Louisiana citizens Clay Plaisance and his companies TKC Works LLC, and TKC Plaisance LLC for allegedly breaching restrictive covenants in an asset purchase agreement and consulting agreement signed by Advanced and Mr. Plaisance. The only connection to this District is Advanced is formed as a limited liability company under

Delaware law and its two agreements with Mr. Plaisance have forum selection clauses consenting to jurisdiction here.[1] Advanced's theories do not involve Delaware.

Mr. Plaisance and his companies move to dismiss for lack of personal jurisdiction and lack of venue. While Advanced may have the better of the argument on personal jurisdiction over at least Mr. Plaisance under the forum selection clause, it has not shown a basis for venue under 28 U.S.C. § 1391(b) in this District.

Under § 1391(b), venue is proper only where: (1) a defendant resides, if all the defendants reside in the same state; (2) a substantial part of events or omissions occurred, or a substantial part of property at issue is located; or (3) a defendant is subject to the court's personal jurisdiction, if there is no district satisfying either of the other two requirements. Mr. Plaisance, TKC Works and TKC Plaisance are Louisiana citizens.[2] Advanced does not allege substantial events, omissions, or property at issue within Delaware.[3] Section 1391 is not satisfied here, and venue here is improper.[4] Advanced's reliance on the forum selection clause to establish venue is misplaced. The forum selection clause does not affect our analysis of proper venue under 1391(b) and transfer under 28 U.S.C. §1406: "[w]hether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b)."[5]

---

[1] ECF Doc. No. 1, p. 2-3.

[2] ECF Doc. No. 1, p. 2-3.

[3] ECF Doc. No. 1.

[4] 28 U.S.C. § 1391(b).

[5] *At. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W.D. Tex., et al.*, 134 S. Ct. 568, 577 (2013); *see PNC Bank, N.A. v. Molen*, No. 17-00867, 2017 U.S. Dist. LEXIS 134226, at *7 n.4

Lacking venue, we transfer to the Western District of Louisiana with undisputed venue and personal jurisdiction. There is sound prudential justification for us to consider venue without first addressing personal jurisdiction, as the issue of venue is dispositive.[6]

We elect to transfer rather than dismiss. Advanced can seek its remedies in the Western District of Louisiana, and in the interest of justice, we transfer under § 1406(a) to the District with proper venue.[7]


KEARNEY, J.

---

(W.D. Pa. 2017) ("the existence or non-existence of a forum selection clause only impacts the 1404(a) analysis").

[6] "The question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, which is primarily a matter of choosing a convenient forum." *Leroy v. Great Western United Corp.*, 443 U.S. 173, 180 (1979). "On the other hand, neither personal jurisdiction nor venue is fundamentally preliminary in the sense that subject matter jurisdiction is, for both are personal privileges of the defendant, rather than absolute scriptures on the court, and both may be waived by the parties." *Id.* "Accordingly, when there is a sound prudential justification for doing so, we conclude that a court may reverse the normal order of considering personal jurisdiction and venue." *Id.* "One such justification is if the issue of venue itself is dispositive, so that it is 'unnecessary to address the other issues raised by' the defendant." *Crayola, LLC v. Buckley*, 179 F.Supp.3d 473, 477 (E.D. Pa. 2016).

[7] 28 U.S.C. § 1406(a); "The decision to transfer a case lies within the broad discretion of the district court." *Keyter v. Bush*, No. 08-097, 2008 WL 3833428, at *2 (D. Del. 2008) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). "Transfer further avoids the 'time-consuming and justice-defeating technicalities' required to refile a case in a proper venue." *Semanic v. Express Car Rental*, No. 09-1420, 2010 WL 1053058, at *3 (E.D. Pa. 2010) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962)). In determining whether to dismiss or transfer under 1406(a), "doubts should be resolved in favor of preserving the action, particularly where it appears that venue may be properly laid in the proposed transferee district." *Christian Dalloz S.A. v. Holden*, No. 90-0835, 1990 WL 121342, at *5 (E.D. Pa. 1990).

3