# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| ADVANCED REIMBURSEMENT MGMT., LLC | CIVIL ACTION NO. 6:17-1139 |
| VERSUS | JUDGE UNASSIGNED |
| CLAY PLAISANCE, ET AL. | MAGISTRATE JUDGE WHITEHURST |

## MEMORANDUM RULING

Before the Court is the Motion for Reconsideration of Stay Order [Doc. 49] filed by defendants Clay Plaisance, TKC Works, LLC, and TKC Plaisance, LLC ("defendants"). In their motion, defendants seek reconsideration of the undersigned's Order dated October 31, 2017, in which the undersigned granted the Motion to Stay filed by plaintiff Advanced Reimbursement Management LLC d/b/a Adreima ("Adreima"). Adreima requested the stay pending resolution of an appeal filed by Adreima in the United States Court of Appeal for the Third Circuit filed on October 5, 2017 [Rec. Doc. 38]. In its appeal, Adreima argues the District of Delaware committed clear legal error when it transferred the instant case to this Court despite the parties' forum selection agreements naming Delaware as the forum for litigating disputes [Doc. 40]. Concluding the Third Circuit's decision in Adreima's appeal will determine which forum has jurisdiction to hear both cases—the Delaware court or this Court – the undersigned granted the motion to stay.

In the instant motion for reconsideration, defendants argue this Court lacks subject matter jurisdiction over the instant case, because the plaintiff has not satisfactorily alleged that the amount in controversy exceeds $75,000. The

defendants argue that because the amount in controversy is not satisfied, this Court lacks subject matter jurisdiction over the instant matter, and it was therefore improper for the undersigned to grant plaintiff's motion to stay.

The defendants' argument that a Court cannot stay a matter over which it lacks subject matter jurisdiction is well-taken. *See, e.g.*, *Hernandez v. State Farm Mut. Auto.*, 2013 WL 5707795, at *3 (E.D. La. 2013) ("The plaintiff's motion to stay the proceedings cannot be granted because the court presently lacks the necessary subject matter jurisdiction…."); *Meliezer v. Home Sav. & Loan Ass'n, F.A.*, 1991 WL 22926, at *1 (E.D. La. 1991), *aff'd sub nom.*, 952 F.2d 879 (5th Cir. 1992) (district court did not have subject matter jurisdiction and thus could not stay the action.); *Amend v. United States*, 2007 WL 2571674, at *1 (W.D. La. 2007) ("The court need not consider such a stay in this case, due to Plaintiff's failure to establish a basis for subject matter jurisdiction… ."); and *Robinett v. State Farm Mut. Auto.* 2002 WL 1822933, at *2 (E.D. La. 2002) ("If the Court lacks subject matter jurisdiction, it cannot issue a stay.").

However, notwithstanding the foregoing, the undersigned notes that at the time the pending motion to stay was ruled on, the plaintiff had filed an Amended Complaint [Doc. 36] – which supersedes and supplants the original Complaint – and in that Complaint, the plaintiff adequately alleged an amount in controversy that exceeds $75,000. Relevant jurisdictional facts which have been included in the Amended Complaint discuss the nature of the claims at issue, that is, claims for breach of non-competition and nonsolicitation restrictions contained in various agreements between the parties. The plaintiff alleges the damages resulting from the breach – for the remainder of 2017 alone – is in the hundreds of thousands of dollars.

The plaintiff further alleges it is entitled to recover $300,000.00 for amounts it has already paid to a defendant. The undersigned concludes the allegations sufficiently establish an amount in controversy that exceeds $75,000.

Because the undersigned concludes that the amount in controversy is satisfied, the Court has jurisdiction over this matter, and the stay of the case pending resolution of the issues on appeal was appropriate.

Considering the foregoing, the Motion for Reconsideration of Stay Order [Doc. 49] is DENIED.

THUS DONE AND SIGNED in Lafayette, Louisiana, on this 2nd day of July, 2018.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE